IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CINDY A. JOHNSON                                                                                  PLAINTIFF

V.                                                    NO. 14-5062

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Cindy A. Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her application for DIB on April 15, 2011, alleging an inability to work since March 6, 2011, due to depression, asthma, chronic bronchitis, digestive problems, "SMA," Lupus, and a hiatal hernia. (Tr. 120-126, 142, 144).  An administrative hearing was held on May 31, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 23-53).

By written decision dated September 6, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - asthma and depression. (Tr. 13).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any

impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except avoid extreme cold, heat, wetness and humidity; has the ability to perform basic cognitive tasks required for basic work activities.

(Tr. 15).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform her past relevant work as a vocational education teacher and tractor trailer truck driver. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 26, 2013. (Tr. 1-5).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnard, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnard, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would

have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following issues in this matter: 1) The ALJ erred in failing to evaluate Plaintiff's amended contention that she was not currently disabled but had been disabled for a closed period of disability; and 2) The ALJ erred in his finding that Plaintiff could return to her past relevant work as a truck driver and teacher, where the truck driver job did not meet the statutory definition of past relevant work, and both DOT job titles require SVP levels in excess of unskilled work. (Doc. 11).

#### A. Closed Period of Disability:

Plaintiff contends that she made clear in her pleadings and testimony that she had returned to work the month prior to the hearing and it was her hope to continue working, and that this is a petition for a closed period of disability. Plaintiff argues that her alleged onset date of disability was March 6, 2011, and her ending date was April 16, 2012, which meets the 12 month duration requirement. Plaintiff argues that it is not harmless error for the ALJ to have ignored this allegation, and that without the ALJ's discussion of the closed period allegation, there is no indication but what he was considering Plaintiff's current medical condition at the time of the hearing to be evidence of her ability to perform work.

Plaintiff's argument is based on speculation, and is contradicted by the ALJ's discussion of Plaintiff's medical treatment and conditions which existed during the entire period, dating from March 6, 2011, to September 6, 2012, the date of the decision. (Tr. 16-18). The ALJ's finding that Plaintiff was not disabled during the entire relevant time period requires the conclusion that she could not have been found disabled for her proposed closed period.

Accordingly, Plaintiff's argument is without merit.

### B.     RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining Plaintiff's RFC, the ALJ considered and discussed Plaintiff's medical records, the physician's opinions and weight he gave to the opinions, and Plaintiff's allegations of pain. (Tr. 15-17). The ALJ also discussed Plaintiff's daily activities, noting that she shopped, drove, handled personal finances independently, interacted with others on a daily basis, and attended church. (Tr. 16). Even during the period Plaintiff claims she was disabled, she attended graduation of her younger daughter in Oklahoma. (Tr. 338). In addition, in her Function Report-Adult - dated September 1, 2011, Plaintiff indicated that she prepared sandwiches daily, folded laundry, made the bed, straightened the kitchen and bedroom, washed

dishes, cooked her meals, and vacuumed when she was not feeling sick. (Tr. 172).

By March 12, 2012, a CT Scan was performed of Plaintiff's abdomen and pelvis. (Tr. 396). It was noted that Plaintiff was previously seen the prior year for a small 1 cm. Pseudoaneurysm. Plaintiff was complaining that she still continued to have the same discomfort with epigastric pain and loose bowel movements soon after eating. (Tr. 402). A CTA showed resolution of her pseudoaneurysm, and no findings of any aneurysmal dilation of the superior mesenteric artery at all. (Tr. 402). She was found to have 5/5 muscle strength bilaterally, and the doctor was going to try her on some Prevacid. (Tr. 402).

The ALJ also assessed the weight he gave to the physicians' opinions, both examining and non-examining. He gave great weight to the opinion of Dr. C.R. Magness, who diagnosed Plaintiff with depression and asthma. (Tr. 17). He gave great weight to the opinion of Dr. Terry Efird, who opined that Plaintiff could perform basic cognitive tasks required for basic work like activities. (Tr. 17). He gave some weight to the opinion of non-examining consultant, Dr. Ronald Crow, who completed a Physical RFC Assessment of Plaintiff on July 10, 2011, and found the medical evidence supported light work. (Tr. 300).

Based upon the foregoing, as well as the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination and the weight he gave the opinions of the physicians.

### C. Whether Plaintiff Could Return to Past Relevant Work:

Plaintiff argues that the ALJ erred in his finding that Plaintiff could return to past relevant work as a truck-driver and teacher. In her brief, Defendant concedes the ALJ erred in finding Plaintiff could return to her past relevant work as a truck-driver, as said position involves

AO72A
(Rev. 8/82)

medium level work. However, as noted by Defendant, said error is harmless, as Plaintiff's past relevant work as a teacher is sufficient to satisfy the requirements of step four. See Benskin v. Bowen, 830 F.2d 878, 883 (8th Cir. 1987)("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where, as here, the deficiency probably had no practical effect on the outcome of the case.").

The medical evidence supports the ALJ's finding that Plaintiff is able to perform light exertional level work, except that she must avoid extremes of cold, heat, wetness and humidity. In addition, Dr. Efird opined that Plaintiff retained the ability to perform the basic cognitive tasks required for basic work activities. (Tr. 305). Accordingly, Plaintiff's argument relating to the skill level of the jobs is without merit.

### D.     Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Based upon the record as a whole, the Court finds there is substantial evidence to support

the ALJ's credibility analysis.

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 26th day of May, 2015.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)